In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-25-00154-CV

IN RE MICHAEL WAYNE LOWMAN

_____

**Original Proceeding**
**410th District Court of Montgomery County, Texas**
**Trial Cause No. 23-07-10524**

_____

**MEMORANDUM OPINION**

Michael Wayne Lowman filed a petition for a writ of habeas corpus. *See* Tex. Gov't Code Ann. § 22.221. We dismiss the petition as moot.

The trial court presiding in the divorce case between Michael and Samantha Lowman found Michael violated the property division provisions of the divorce decree when he failed to sign the listing agreement when it was presented or delivered to him on two occasions. Finding Michael to be guilty of contempt, the trial court sentenced him to a total of 180 days of confinement in the Montgomery County Jail. The trial court remanded Michael to the custody of the Sheriff on April 1, 2025.

1

"A writ of habeas corpus is available in this state to review a contempt order entered by a lower court confining a contemnor." *Ex parte Gordon*, 584 S.W.2d 686, 687-88 (Tex. 1979) (orig. proceeding). "The remedy is in the nature of a collateral attack and its purpose is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully imprisoned." *Id*. at 688. A habeas corpus petition may be rendered moot when the relator is released from confinement. *See In re Flores,* No. 13-25-00463-CV, 2025 WL 2972411, at *1 (Tex. App.—Corpus Christi Oct. 21, 2025, orig. proceeding) (mem. op.).

On December 30, 2025, the Clerk of the Court notified the parties that it appears Michael has discharged his sentence for contempt and that we would dismiss the habeas corpus proceeding on any day after January 9, 2026, unless we received a response showing that this proceeding is not moot. *See* Tex. R. App. P. 42.3. No party replied to the Clerk's notice.

Michael is no longer confined by reason of the contempt judgment, and he has not shown that his petition is not moot. Accordingly, we dismiss the petition for writ of habeas corpus as moot. Any pending motions are denied as moot.

PETITION DISMISSED.

PER CURIAM

Submitted on January 28, 2026
Opinion Delivered January 29, 2026

Before Johnson, Wright and Chambers, JJ.

2